UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 09-70-HRW

TOMMY RAY POTTER,                                              PLAINTIFF,

v.            **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY,                DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits on April 28, 2004, alleging an onset date of November 16, 2003. This application was denied initially and on reconsideration. After a hearing an unfavorable decision was issues. Plaintiff sought review and the Appeals Council remanded the case. On September 2, 2008, an administrative hearing was conducted by

Administrative Law Judge Don C. Paris (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Joyce P. Forrest, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On December 2, 2008, the ALJ issued his decision finding that Plaintiff's

disability ended on November 29, 2005 (Tr. 21-31). Plaintiff was 23 years old at the time of the alleged onset of disability. He has a high school education and past relevant work experience as a forklift operator and drywall mudder.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 24).

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative joint disease of the lumbar spine with chronic pain status post L3, L4 and L5 laminectomy and spondylolistheses of L5-S1 vertebra, which he found to be "severe" within the meaning of the Regulations (Tr. 24-26).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 28).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 30) but determined that he has the residual functional capacity ("RFC") to perform a range of sedentary work with certain limitations as set forth in the hearing decision (Tr. 28).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 30-31).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the

sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on June 25, 2009 (Tr. 11-13).

Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 7 and 8] and this matter is ripe for decision.

### III. ANALYSIS

#### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human*

4

*Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

### B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ improperly rejected the opinion of Plaintiff's treating physician Paul Duncan, D.O. (2) the ALJ improperly evaluated Plaintiff's subjective complaints of disabling limitation and (3) the hypothetical posed by the ALJ to the VE was incomplete and, thus, the testimony provided by the VE in responses thereto cannot be deemed substantial evidence.

### C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ improperly rejected the opinion of Plaintiff's treating physician Paul Duncan, D.O.

In order to be given controlling weight, the opinions of a treating source on issues involving the nature and severity of a claimant's impairments must be well supported by medically acceptable clinical and laboratory diagnostic techniques, and be consistent with other substantial evidence in the case record. 20 C.F.R. §

416.927(d)(2). The Court is mindful of the fact that the Commissioner is not bound by a treating physician's opinion. Such opinions receive great weight only if they are supported by sufficient medical data. *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

Dr. Duncan completed a medical source statement in August 2008 in which he, essentially, opined that Plaintiff is disabled (Tr. 287-290). The ALJ concluded that this opinion was inconsistent with the other credible evidence of record and, thus, opted to give it little weight. The Court finds no error in this. Plaintiff's treating neurosurgeon, Dr. Gregory Balturshot, found that Plaintiff had reached maximum medical improvement and released him to vocational rehabilitation (Tr. 245).

In addition, consultative examiner Dr. Mark Burns, opined that Plaintiff could perform a significant range of work activity (Tr. 272-277).

Indeed, no other evidence in the record supports Dr. Duncan's opinion of disability. Further, there are no treatment notes or other records from Dr. Duncan which could possibly lend credence to his evaluation.

The Court having reviewed the record finds that substantial evidence supports the ALJ's decision to discount the opinion of Dr. Duncan.

Plaintiff's second claim of error is that the ALJ improperly evaluated Plaintiff's subjective complaints of disabling limitation.

It is well established that as the "ALJ has the opportunity to observe the demeanor of a witness, (her) conclusions with respect to credibility should not be discarded lightly and should be accorded deference." *Hardaway v. Secretary of Health and Human Services*, 823 F.2d 922, 928 (6th Cir. 1987). In this case, the ALJ found Plaintiff's credibility to be "poor" with regard to his allegations of disabling pain. (Tr. 43). Subjective claims of disabling pain must be supported by objective medical evidence. *Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 852-853 (6th Cir. 1986).

Based upon the record, Plaintiff's subjective complaints do not pass *Duncan* muster. As discussed above, Plaintiff's treating neurosurgeon released him to return to work. Although Plaintiff testified that he suffers functionally debilitating pain, there is no evidence in the record of an inability to perform work-related activities.

Having reviewed the record, the Court finds that Plaintiff failed to carry his burden of offering objective evidence in support of his subjective complaints.

Finally, Plaintiff contends that the hypothetical posed by the ALJ to the VE was incomplete and, thus, the testimony provided by the VE in responses thereto cannot be deemed substantial evidence.

This circuit's long-standing rule is that the hypothetical question is proper where it accurately describes a claimant's functional limitations. *Varley v. Secretary*

*of Health and Human Services*, 820 F.2d 777, 779. (6th Cir. 1987). This rule is necessarily tempered by the requirement that the ALJ incorporate only those limitations which he or she finds to be credible. *Casey v. Secretary of Health and Human Services*, 987 F.2d 1230, 1235 (6th Cir. 1993).

Based upon the credible medical evidence in the record and evaluation of claimant's daily activities, the ALJ crafted a hypothetical which accurately contemplated the same. In response to the ALJ's hypothetical, the VE cited to a significant number of jobs the hypothetical individual could perform. The VE's responsive testimony provided substantial evidence to support the ALJ's decision that claimant was not disabled.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This __8__ day of July, 2010.

Henry R. Wilhoit, Jr., Senior Judge